**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS FRANKLIN WHEELOCK, | No. 12-15690 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-03878-PJH |
| v. | |
| SCOTT KERNAN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ[**], and CALLAHAN, Circuit Judges.

This is a habeas appeal by a California prisoner, Thomas Wheelock, who

was convicted of first degree murder for shooting one of the drivers of an armored

car during a robbery. There are three certified issues.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kermit Victor Lipez, Senior United States Circuit Judge for the First Circuit, sitting by designation.

The first relates to the dismissal of a juror during deliberations, after the State learned that the juror was being prosecuted for fraud by the same district attorney's office, and defended by the same defender's office, involved in this case. There was no unfairness or one-sidedness in allowing the dismissal of the juror, who was not in a position to function impartially. The state court's holding to that effect violated no clearly established principle of federal law. This situation is unlike *Georgia v. McCollum*, 505 U.S. 42 (1992), relied upon by the Petitioner, where one party was given an advantage in the selection process.

The Petitioner also challenges the composition of the grand jury, claiming underrepresentation of Asian-Americans as grand jurors, and discrimination against Asian-Americans, Hispanics, and women in the selection of grand jury forepersons. The state court of appeal carefully examined the historical record and determined that there was no substantial underrepresentation, where most of the absolute disparities were below 10%. This was in accord with many federal court decisions, *see, e.g., United States v. Rodriguez-Lara*, 421 F.3d 932, 943–44 (9th Cir. 2005), and hence violated no clearly established federal law.

The California Court of Appeal reasonably applied Supreme Court precedent when it held that the issuance of a California arrest warrant before commencement

2

of extradition proceedings does not trigger the right to counsel. *See United States v. Gouveia*, 467 U.S. 180, 190 (1984).

**AFFIRMED**.